IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENDELL RICHBURG, | * | |
| Petitioner, | * | Civil Action No. RDB-16-3861 |
| v. | * | Criminal Action No. RDB-13-0022 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The *pro se* Petitioner Kendell Richburg ("Petitioner" or "Richburg") pled guilty before this Court to Counts 1 and 2 of a Superseding Criminal Information (ECF No. 17)[1] charging him with conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count 1) and possession of a firearm in furtherance of a "drug trafficking crime," in violation of 18 U.S.C. § 924(c) (Count 2). *See* J. p.1, ECF No. 28. On October 24, 2013, this Court sentenced Richburg to 36 months imprisonment as to the drug conspiracy charge (Count 1) and 60 months imprisonment as to the firearm possession charge (Count 2) for a total of 96 months imprisonment, with credit for time served since January 18, 2013. *Id.* at 2. Subsequently, this Court granted him a sentence reduction on the drug conspiracy charge from 36 months to 29 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 782 to the United States Sentencing Guidelines, which lowered the drug quantity tables. *See* Order, ECF No. 36. Now, over three years after this Court's entry of Judgment, Petitioner has filed the pending Motion to Vacate, Set Aside, or Correct Sentence

---

[1] Petitioner waived open court prosecution by a grand jury indictment and consented that his case proceed by information rather than indictment. *See* Waiver, ECF No. 20.

1

pursuant to 28 U.S.C. § 2255 (ECF No. 38) in which he argues, *inter alia*, that he is entitled to a further sentence reduction in light of the United States Supreme Court's intervening decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015).[2] Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 38) is DENIED as untimely. Even if the Motion were timely, it would still be denied because *Johnson* has no bearing on Petitioner's conviction or sentence.[3]

## **STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has

---

[2] Petitioner's initial memorandum in support of the pending motion did not clearly identify the relief he seeks. That filing was mainly a collection of statutes and case summaries. However, he has subsequently clarified that his argument is "premised solely" on the Supreme Court's decision in *Johnson* v. *United States*. *See* Supplement, ECF No. 47.

[3] Also pending before this Court are Petitioner's Motion for Reconsideration on Motion for Extension of Time (ECF No. 45), in which Petitioner objects to this Court's prior order (ECF No. 43) granting the Government's Motion for extension of time to respond to Petitioner's brief, and Petitioner's Motion for Judgment Based on Non-Response (ECF No. 44) and Second Motion for Judgment Based on Non-Response (ECF No. 48), in which he requests judgment on the pending Motion to Vacate. Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 105.2(a) of this Court (2016), this Court has discretion to grant extensions to filing deadlines. Petitioner has identified no basis for reconsideration of this Court's prior order granting the Government's Motion for Extension of Time. Accordingly, Petitioner's Motion for Reconsideration on Motion for Extension of Time (ECF No. 45) is DENIED. Additionally, Petitioner's Motion for Judgment based on Non-Response (ECF No. 44) and Second Motion for Judgment based on Non-Response (ECF No. 48) are both DENIED because there is no merit to any of Petitioner's arguments, as explained *infra*.

been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

### I. The Petitioner's Motion to Vacate is Time-Barred

A one-year statute of limitations applies to Section 2255 petitions. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

Judgment was entered in Richburg's case on October 24, 2013. *See* J., ECF No. 28. Although this Court subsequently granted him a sentence reduction under 18 U.S.C. § 3582(c)(2) in November of 2015, *see* Order, ECF No. 36, a modification of sentence is not a full resentencing. *See Dillon* v. *United States*, 569 U.S. 817, 825 (2010). Section 3582 provides that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be modified pursuant to [the provisions of Section 3582(c)], a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." § 3582(b)(1).

Accordingly, a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) does not reset the statute of limitations for Section 2255 motions. *United States* v. *Jones*, 796 F.3d 483, 486 (5th Cir. 2015). Therefore, Richburg's pending Motion, filed December 1, 2016, over three years after this Court's entry of Judgment, is untimely.

Additionally, although his claim is completely without merit, Petitioner argues that he is entitled to a further sentence reduction in light of the United States Supreme Court's intervening decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015). Under Section 2255(f), a fresh one-year statute of limitations runs from the date on which a new right is initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review. *Johnson* has been made retroactively applicable to cases on collateral review. *See Welch* v. *United States*, 136 S. Ct. 1257 (2016). However, Petitioner filed the pending Motion to Vacate over one year after the Supreme Court issued the *Johnson* decision on June 26, 2015. Although the one year statute of limitations is subject to equitable tolling, *see Whiteside* v. *United States*, 775 F.3d 180, 184 (4th Cir. 2014), Petitioner has set forth no grounds for equitable tolling. Accordingly, his motion is DENIED as untimely.

## II. The *Johnson* Decision Has No Bearing on Petitioner's Conviction or Sentence

Even if Petitioner's Section 2255 motion was not time-barred, it would still be denied. Documents filed *pro se* are to be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007). Even construing the Petitioner's filings liberally, he has stated no grounds for relief under 18 U.S.C. § 2255 because the *Johnson* decision has no bearing on his case.

An "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is an individual who violates 18 U.S.C. § 922(g) and who has three prior convictions for either a "violent felony" or a "serious drug offense," or both. Pursuant to 18 U.S.C. § 924(e)(1), a person who qualifies as an armed career criminal under the ACCA is subject to a mandatory term of imprisonment of not less than fifteen years. In *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the "Residual Clause" of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. After *Johnson*, an offense can only qualify as a "violent felony" under the ACCA if it falls within the ambit of the "Force Clause" or is one of the ACCA's enumerated offenses. However, the *Johnson* decision had no impact on "serious drug offenses" under the ACCA.

Just as *Johnson* has no impact on "serious drug offenses" under the ACCA, the United States Court of Appeals for the Fourth Circuit and this Court have squarely established that *Johnson* has no bearing on 18 U.S.C. 924(c) firearm possession charges in furtherance of a "drug trafficking" offense. *See, e.g.*, *United States* v. *Richardson*, 653 F. App'x. 209, 210 n.\* (4th Cir. 2016) ("Because the conviction underlying [defendant's] 18 U.S.C. § 924(c) (2012) conviction was a drug offense rather than a crime of violence . . . *Johnson* is inapposite, and he is entitled to no relief."); *United States* v. *Hare*, 820 F.3d 93, 106 (4th Cir. 2016); *Ramos* v. *United States*, No. PJM 16-2021, 2017 WL 530437, at \*2 (D. Md. Feb. 7, 2017); *see also Norrell* v. *United States*, No. 7:16-CV-238-FL, 2017 WL 2312892, at \*2 (E.D.N.C. May 26, 2017). Although the question of whether *Johnson* applies to the definition of "crime of violence"

under 18 U.S.C. § 16, which is similarly worded to the definition of "crime of violence" under Section 924(c), is currently pending before the United States Supreme Court in *Sessions v. Dimaya*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 85 U.S.L.W. 3114 (U.S. Sept. 29, 2016) (No. 15-1498), whether *Johnson* applies to Section 924(c) "drug trafficking" offenses is not before the Court in *Dimaya*. Accordingly, the outcome of that case will have no effect on the Petitioner's conviction. The Petitioner was not sentenced under the ACCA. Additionally, although Petitioner was convicted under Section 924(c), it was with respect to a "drug trafficking offense," not a "crime of violence." *See* J., ECF No. 28. As such, the Petitioner's claim that he is entitled to relief under the *Johnson* decision is completely without merit. Therefore, the Petitioner has stated no grounds for relief under 28 U.S.C. § 2255.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 38) is DENIED.[4]

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating

---

[4] Also pending is Petitioner's Motion for Emergency Expedited Consideration (ECF No. 40) of the pending Motion to Vacate. For the reasons set forth above, Petitioner's Motion to Vacate is now DENIED. Accordingly, Petitioner's Motion for Emergency Expedited Consideration (ECF No. 40) is now MOOT.

that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 7, 2017

_____/s/_____
Richard D. Bennett
United States District Judge